IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

COURT FILE NO.: _____

Michelle Biglen,
    Plaintiff

v.

NCO Financial Systems, Inc.,
    Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, Michelle Biglen ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Colorado, County of Adams, and City of North Gelnn.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

12. Defendant has engaged in a pattern of harassment by calling Plaintiff repeatedly in its attempts to collect a debt, despite Plaintiff making numerous requests for said calls to cease. (§ 1692d(5)), (FL St § 559.72(7)).

13. Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including making collection calls to Plaintiff after 9:00 p.m. (15 U.S.C. §§ 1692c(a)(1)).

14. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b)).

15. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)).

16. Defendant communicated with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff. (15 U.S.C. §§ 1692b(3), 1692c(b)).

17. Defendant continued to call Plaintiff's parents house and attempt to collect the debt at issue, and discuss the alleged debt with Plaintiff's parents, despite having been informed that Plaintiff no longer resided at their home.

18. Defendant falsely represented (or implied) that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action was not lawful or Defendant did not intend to take such action. (15 U.S.C. § 1692e(4)), (15 U.S.C. § 1692e(5)).

19. Defendant threatened to garnish Plaintiff's wages as a result of her failure

to pay the alleged debt, notwithstanding the fact that no lawsuit had been filed not judgment entered against her.

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

                                          **Respectfully submitted,**

**January 25, 2011**　　　　　　　　**/s/ Craig Ehrlich**
　　　　　　　　　　　　　　　　　**Craig Ehrlich**
　　　　　　　　　　　　　　　　　**Weisberg & Meyers LLC**
　　　　　　　　　　　　　　　　　**5025 N. Central Ave., #602**
　　　　　　　　　　　　　　　　　**Phoenix, AZ 85012**
　　　　　　　　　　　　　　　　　**Telephone: (602) 445 9819**
　　　　　　　　　　　　　　　　　**Facsimile: (866) 565 1327**
　　　　　　　　　　　　　　　　　**Email: CEhrlich@AttorneysForConsumers.com**